JILL L. DUNYON (5948)
MARALYN M. ENGLISH (8468)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, UT 84145
Telephone: 801-521-9000
Facsimile: 801-363-0400
jld@scmlaw.com
mme@scmlaw.com

DEREK A. NEWMAN (*pro hac vice*)
NEWMAN DU WORS
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
(310) 359-8200
dn@newmanlaw.com

*Attorneys for Adknowledge, Inc.*

---

## UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah company,<br><br>      Plaintiff,<br><br>   v.<br><br>Adknowledge, Inc., a Missouri Corporation; DOES 1-40,<br><br>      Defendants. | **DEFENDANT ADKNOWLEDGE, INC.'S ANSWER AND JURY DEMAND**<br><br>Case No. 2:15cv00277<br><br>Judge Tena Campbell |

Defendant Adknowledge, Inc. hereby answers the Complaint (Dkt. 2) of Plaintiff XMission, L.C. and asserts defenses as follows.

## PARTIES, JURISDICTION AND VENUE

1.      Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that basis denies them.

2.      Adknowledge denies the allegation in paragraph 2 of the Complaint.

3.      Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that basis denies them.

## JURISDICTION AND VENUE

4.      Adknowledge admits that this Court has subject matter jurisdiction to hear this case, but denies that it has violated the statutes cited in paragraph 4 of the Complaint.

5.      Adknowledge denies the allegations in paragraph 5 of the Complaint.

6.      Adknowledge denies the allegations in paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7.      Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and on that basis denies them.

8.      Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and on that basis denies them.

9.      Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and on that basis denies them.

10.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and on that basis denies them.

11.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and on that basis denies them.

12.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and on that basis denies them.

13.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis denies them.

14.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and on that basis denies them.

15.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and on that basis denies them.

16.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and on that basis denies them.

17.     Adknowledge denies the allegations in paragraph 17 of the Complaint.

18.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and on that basis denies them.

19.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and on that basis denies them.

20.     Adknowledge denies the allegations in paragraph 20 of the Complaint.

21.     Adknowledge denies the allegations in paragraph 21 of the Complaint.

22.     Adknowledge denies the allegations in paragraph 22 of the Complaint.

23.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and on that basis denies them.

24.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and on that basis denies them.

25.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and on that basis denies them.

26.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and on that basis denies them.

27.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and on that basis denies them.

28.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and on that basis denies them.

29.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and on that basis denies them.

30.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and on that basis denies them.

31.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and on that basis denies them.

32.     Adknowledge denies the allegations in paragraph 32 of the Complaint.

33.     Adknowledge denies the allegations in paragraph 33 of the Complaint.

## FIRST CAUSE OF ACTION
## CAN-SPAM ACT, 15 U.S.C. §7704(a)(1)

34.     Adknowledge re-alleges and incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

35.     Adknowledge denies that paragraph 35 of the Complains contains a complete or accurate summary of the CAN-SPAM Act, 15 U.S.C. §§ 7701–7713.

36.     Paragraph 36 of the Complaint contains only legal conclusions or restatements of statutory or legal principles and therefore does not require a response, but Adknowledge denies the allegations in paragraph 36 to the extent that it purports to contain a complete and accurate statement of the applicability of 15 U.S.C. § 7704.

37.     Paragraph 37 of the Complaint contains only legal conclusions or restatements of statutory or legal principles and therefore does not require a response, but Adknowledge denies the allegations in paragraph 37 to the extent that it purports to contain a complete and accurate statement of the applicability of 15 U.S.C. § 7704.

38.     Adknowledge denies the allegations in paragraph 38 of the Complaint.

39.     Adknowledge denies the allegations in paragraph 39 of the Complaint.

40.     Adknowledge denies the allegations in paragraph 40 of the Complaint.

41.     Adknowledge denies the allegations in paragraph 41 of the Complaint and further denies that Plaintiff is entitled to any relief.

## SECOND CAUSE OF ACTION
## CAN-SPAM ACT, 15 U.S.C. §7704(a)(1)(A)

42.     Adknowledge re-alleges and incorporates by reference paragraphs 1 through 41 above as if fully set forth herein.

43.     Adknowledge denies that paragraph 43 of the Complains contains a complete or accurate summary of the CAN-SPAM Act, 15 U.S.C. §§ 7701–7713.

44.     Paragraph 44 of the Complaint contains only legal conclusions or restatements of statutory or legal principles and therefore does not require a response, but Adknowledge denies that paragraph 44 of the Complaint accurately and completely summarizes the law.

45.     Paragraph 45 of the Complaint contains only legal conclusions or restatements of statutory or legal principles and therefore does not require a response, but Adknowledge denies that paragraph 45 of the Complaint accurately and completely summarizes the law.

46.     Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and on that basis denies them.

47.     Adknowledge denies the allegations in paragraph 47 of the Complaint.

48.     Adknowledge denies the allegations in paragraph 48 of the Complaint.

49.      Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and on that basis denies them.

50.      Adknowledge denies the allegations in paragraph 50 of the Complaint.

51.      Adknowledge denies the allegations in paragraph 51 of the Complaint and denies that Plaintiff is entitled to any relief.

**THIRD CAUSE OF ACTION**
**Aggravated Damages —CAN-SPAM ACT, 15 U.S.C. §7706(g)(3)(C)**

52.      Adknowledge re-alleges and incorporates by reference paragraphs 1 through 51 above as if fully set forth herein.

53.      Adknowledge denies the allegations in paragraph 53 of the Complaint.

54.      Adknowledge denies the allegations in paragraph 54 of the Complaint.

55.      Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and on that basis denies them.

56.      Adknowledge denies the allegations in paragraph 56 of the Complaint and denies that Plaintiff is entitled to any relief.

**PRAYER FOR RELIEF**

Adknowledge denies that Plaintiff is entitled to any relief, including but not limited to the relief Plaintiff requests in its "Prayer for Relief." Any statement or allegation not specifically admitted is either denied or denied on the basis that Adknowledge is without knowledge or information sufficient to form a belief as to the truth of the statement or allegation.

Defendant Adknowledge, Inc. respectfully requests that the Court enter judgment in its favor and against Plaintiff XMission, L.C. as follows:

1.      That Plaintiff take nothing by its Complaint and that its claims be dismissed with prejudice.

2.      That the Court issue a declaration that Adknowledge, Inc. has not violated CAN-SPAM as alleged in the Complaint.

3.      Such other and further relief as this Court deems just and proper.

4.      That the Court award Adknowledge a reasonable attorney's fee and its costs pursuant to 15 U.S.C. § 7706(g)(4).

## DEFENSES

Defendant reserves the right to amend the defenses and include additional defenses during the course of the litigation. By listing a defense herein, Defendant is not representing that the defense is an affirmative defense or that Defendant bears the burden of proof. As separate and distinct defenses to Plaintiff's claims for relief, and each of them, in the Complaint, Defendant alleges as follows:

### First Defense

Plaintiff's Complaint, and each count asserted in it, fails to allege facts sufficient to state a claim upon which relief can be granted. All of Plaintiff's causes of action fail against Adknowledge because Adknowledge did not "send or initiate" and did not "procure" any of the emails described in the Complaint.

### Second Defense

Plaintiff's claims may be barred in whole or in part by the equitable doctrines of waiver, laches, estoppel, release, ratification, or assumption of risk.

8

### Third Defense

Plaintiff failed to mitigate its damages, if any. Plaintiff has not incurred any economic damages. Even if they had, they failed to mitigate by (1) not requesting that Adknowledge add the relevant domains to its email suppression lists prior to filing this lawsuit; and (2) surreptitiously collecting tens of thousands of emails for months without notifying Adknowledge of their concerns.

### Fourth Defense

The damages alleged in the Complaint, if any, were not caused by Adknowledge, but were caused by one or more third parties whose activities were not approved, ratified, or controlled by Adknowledge.

### Fifth Defense

Plaintiff has failed to join one or more necessary and indispensable parties. Most, if not all, of the emails at issue were sent from domain names publicly registered to entities that are not named as Defendants in this action.

### Sixth Defense

Plaintiff has "unclean hands" and its causes of action should be dismissed on equitable principles. Plaintiff created a "trap" for allegedly spam emails and took insufficient steps to ensure that its opt-out attempts were successful and then took insufficient steps to ensure that its customers did not opt back in.

### Reservation of Rights

This Defendant reserves the right to assert further defenses, based on the course of discovery and proceedings in this action.

**JURY DEMAND**

Adknowledge hereby demands a trial by jury on all issues so triable.

Dated June 17, 2015.

SNOW, CHRISTENSEN & MARTINEAU


*/s/ Maralyn M. English*
Jill L. Dunyon
Maralyn M. English

Derek A. Newman *(pro hac vice)*
NEWMAN DU WORS
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
(310) 359-8200

*Attorneys for Adknowledge, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of June, 2015, I electronically filed the foregoing **DEFENDANT ADKNOWLEDGE, INC.'S ANSWER AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service.

*/s/ Maralyn M. English*

3279482