**Evan A. Schmutz (3860)**
  *eschmutz@djplaw.com*
**Jordan K. Cameron (12051)**
  *jcameron@djplaw.com*
**DURHAM JONES & PINEGAR, P.C.**
3301 N Thanksgiving Way, Suite 400
Lehi, Utah 84043
Telephone: (801) 375-6600
Fax: (801) 375-3865

**Attorneys for Plaintiff XMission, L.C.**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah company,<br><br>       Plaintiff,<br><br>vs.<br><br>ADKNOWLEDGE, INC. a Missouri Corporation; DOES 1-40,<br><br>       Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br><br><br>Case No.:  2:15cv00277 TC<br><br>Judge Tena Campbell |

**PRELIMINARY MATTERS**:

   a.    The nature of the claims and affirmative defenses involve alleged violations of the

CAN-SPAM Act of 2003 found in 15 U.S.C. § 7701 *et seq*.  Plaintiff alleges that

Defendants transmitted thousands of commercial e-mails to its e-mail servers in violation

of various provisions of the CAN-SPAM Act.  Plaintiff seeks an injunction and statutory

damage.

          Defendant Adknowledge, Inc. contends that it is not liable under CAN-SPAM as

1

Plaintiff alleges because (1) Adknowledge did not "initiate" or "procure" the

transmission of the alleged emails under the definitions of those terms applicable to

actions brought by a provider of Internet access service; (2) the emails XMission claims

Adknowledge is responsible for do not have false or misleading header information in

violation of 15 U.S.C. § 7704(a)(1); (3) the emails XMission claims Adknowledge is

responsible for do not violate any other statutory provision; and (4) XMission does not

have standing to bring its claims because XMission was not "adversely affected" by any

alleged statutory violations as required under 15 U.S.C. § 7706(g) for actions by

providers of Internet access service.

b.     This case has not been referred to a magistrate judge.

c.     Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 30, 2015, via

telephonic conference.  The following were in attendance:  Jordan K. Cameron,

counsel for Plaintiff; Derek Linke, and Jake Bernstein, counsel for Defendant

Adknowledge, Inc.

d.     The parties do not request an initial pretrial scheduling conference with the court

prior to entry of the scheduling order.

e.     The parties will exchange within fourteen (14) day of the attorney's planning

meeting the initial disclosures as required by Rule 26(a)(1).

f.     Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items

required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic

filing, or (ii) e-mail transmission.  Such electronic service will constitute service

and notice of entry as required by those rules.  Any right to service by USPS mail

SLC_2248821
SLC_2432735

is waived.

**2.**     **DISCOVERY PLAN**:  The parties jointly propose to the court the following discovery

plan:

a.     Discovery is necessary on each of the claims and related allegations in the

complaint and any and all defenses thereto.

b.     Discovery Phases.  The order of discovery will be up to counsels' preference and

will not be conducted in specific phases.  Discovery shall commence upon the

conclusion of the attorney's planning meeting.

c.     Designate the discovery methods to be used and the limitations to be imposed.

(1)     *Oral Exam Depositions*:  Plaintiff shall be permitted to conduct up to 10

depositions, unless otherwise stipulated by the Parties.

Defendants shall each be permitted to conduct up to 10 depositions, unless

otherwise stipulated by the Parties.

No Deposition shall exceed 7 hours, unless otherwise stipulated by the

Parties.

(2)     *Written Discovery:*  Unless otherwise stipulated by the parties, the

maximum number of Interrogatories that will be served on any party by

any other party is 25; the maximum number of Requests for Admission

that will be served on any party by any other party is 25, however,

requests for authentication shall not count against this limit; the maximum

number of Requests for Production of Documents that will be served on

any party by any other party is 50.

3

(3)     Other discovery methods:  The Parties shall be allowed to issue subpoenas *duces tecum*, independent third party interviews, and all other discovery methods that are consistent with the limitations and procedures specified in the Federal Rules of Civil Procedure and applicable case law.

d.      Discovery of electronically stored information should be handled as follows:

Any electronically stored documents which are requested shall be produced in native format, hard copy or PDF format, at the discretion of the producing party. Notwithstanding the foregoing, any party may request that the responding party provide specifically-identified documents in each such document's native electronic format provided that the requesting party sets forth a reasonable basis for requesting the document in native format.

In the event that electronically stored information, which the Parties agree is information that is not easily copied to external storage systems such as DVDs, CDs, or Cloud storage, is requested, the responding party shall provide to the requesting party an itemized list of electronic information and the manner in which it is stored (i.e., hard drive, database, disc image, etc.).  The requesting party shall then identify on the provided list, the items of which it requests the production.  It shall then be the requesting party's responsibility to arrange and pay for the copying, imaging, etc. of the electronically stored information.  The responding party shall work with the requesting party to facilitate the copying of the information.

4

Nothing herein shall limit a responding parties' right to object to the production of documents on the basis that the request is overbroad, unduly burdensome, electronic documents are not readily available because of undue burden or cost, duplicative, or any other valid objection. The parties will cooperate in identifying search terms to be used by the parties to search reasonably available electronic databases and will agree that the producing party's obligation to search for responsive electronic documents shall be limited to the search terms agreed on by the parties.

e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows:  the Parties may inadvertently produce documents that are privileged, including but not limited to documents protected by attorney-client privilege or work product doctrine. Inadvertent production of privileged documents shall not be deemed a waiver of any applicable privilege. Upon discovery that privileged documents have inadvertently been produced, the discovering, shall promptly notify the other Parties. Upon such notification, the Parties shall treat the documents as privileged unless and until the Court has sustained a challenge to the assertion of privilege. A motion asserting such a challenge must be filed within fourteen (14) days after a Party receives notice of a claim of inadvertent production of privileged documents. If no such motion is filed, all Parties shall, within fourteen (14) days of receipt of notification of the inadvertent production, return to the Producing Party all copies of the privileged documents in their possession or in the

5

possession of their counsel or any other person under their control. Written confirmation of this return of documents shall be provided to the Party asserting the privilege.

f.   The last day to file serve written discovery is January 2, 2016.  The last day to file standard motions to compel is within 10 days of the receipt of the final responses or supplemental responses to discovery requests.

g.   Close of fact discovery: February 1, 2016.

**3.   AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

a.   The cutoff dates for filing a motion to amend pleadings are:

Plaintiff(s) - September 1, 2016

Defendant(s) - September 1, 2016

b.   The cutoff dates for filing a motion to join additional parties are:

Plaintiff(s) – September 1, 2016

Defendants(s) - September 1, 2016

***(NOTE:  Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a))*.**

**4.   EXPERT REPORTS**:

Reports from experts under Rule 26(a)(2) will be submitted as follows:

a.   For the party who has the initial burden of proof on a subject, the initial expert disclosure under Rule 26(a) shall be made no later than thirty (30) days after the close of fact discovery.

b.   Expert disclosures by a party who does not have the burden of proof on a subject

SLC_2248821
SLC_2432735

shall be made within thirty (30) days of the deadline for initial expert disclosures by the party with the burden of proof.

c.     Reply expert disclosures by the party with the initial burden of proof must be made within twenty (20) days of the service of any supplemental expert report.

**5.    OTHER DEADLINES**:

a.     Expert Discovery cutoff – May 31, 2016

b.     Deadline for filing dispositive or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case is June 30, 2016.

**6.    ADR/SETTLEMENT**:

a.     The potential for resolution before trial is fair.

b.     This case should be referred to the court's alternative dispute resolution program for mediation.

c.     The parties do not presently intend to engage in private alternative dispute resolution.

d.     The case should be re-evaluated for settlement/ADR resolution on:  February 1, 2016.

**7.    TRIAL AND PREPARATION FOR TRIAL:**

a.     The parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

b.     This case should be ready for a trial by:  Sep. 1, 2016.

c.     The estimated length of the trial is:  10 days.

SLC_2248821
SLC_2432735

DATED this 13th day of August, 2015.

DURHAM, JONES & PINEGAR, P.C.


/s/ Jordan K. Cameron
Evan A. Schmutz
Jordan K. Cameron
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of Aug., 2015, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Jill L. Dunyon
Maralyn M. English
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, Utah 84145

Derek A. Newman
Derek Linke
Jake Bernstein
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401

_____/s/ Jordan K. Cameron_____

SLC_2248821
SLC_2432735