**Evan A. Schmutz (3860)**
  *eschmutz@djplaw.com*
**Jordan K. Cameron (12051)**
  *jcameron@djplaw.com*
**DURHAM JONES & PINEGAR, P.C.**
3301 N Thanksgiving Way, Suite 400
Lehi, Utah 84043
Telephone: (801) 375-6600
Fax: (801) 375-3865

**Attorneys for Plaintiff XMission, L.C.**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah company,<br><br>Plaintiff,<br><br>vs.<br><br>ADKNOWLEDGE, INC. a Missouri Corporation; DOES 1-40,<br><br>Defendants. | **SCHEDULING ORDER AND ORDER VACATING HEARING**<br><br><br><br>Case No.: 2:15cv00277 TC<br><br>Judge Tena Campbell |

Pursuant to Fed. R. Civ. P. 16(b), the Honorable Tena Campbell received the Attorneys' Planning Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

This Court ORDERS that the Initial Pretrial Hearing scheduled for September 9, 2015, before Magistrate Judge Furse, be struck and no other Initial Pretrial Hearing be set.

| | | |
|---|---|---|
| **1.** | **PRELIMINARY MATTERS** | **DATE** |

The nature of the claims and affirmative defenses involve alleged violations of the CAN-SPAM Act of 2003 found in 15 U.S.C. § 7701 *et seq*. Plaintiff alleges that Defendants transmitted thousands of commercial e-mails to its e-mail servers in violation of various provisions of the CAN-SPAM Act. Plaintiff seeks an injunction and statutory damage.

Defendant Adknowledge, Inc. contends that it is not liable under CAN-SPAM as Plaintiff alleges because (1) Adknowledge did not "initiate" or "procure" the transmission of the alleged emails under the definitions of those terms applicable to actions brought by a provider of Internet access service; (2) the emails XMission claims Adknowledge is responsible for do not have false or misleading header information in violation of 15 U.S.C. § 7704(a)(1); (3) the emails XMission claims Adknowledge is responsible for do not violate any other statutory provision; and (4) XMission does not have standing to bring its claims because XMission was not "adversely affected" by any alleged statutory violations as required under 15 U.S.C. § 7706(g) for actions by providers of Internet access service.

| | | |
|---|---|---|
| a. | Was Rule 26(f)(1) Conference held?  Yes | *06/30/15* |
| b. | Have the parties submitted the Attorney Planning Meeting Form?  Yes | *08/13/15, revised and stipulated form filed 09/08/15* |
| c. | Deadline for 26(a)(1) initial disclosure? | *07/14/15* |
| **2.** | **DISCOVERY LIMITATIONS** | **NUMBER** |
| a. | Maximum Number of Depositions by Plaintiff(s) | *10* |

2

| | | |
|---|---|---|
| b. | Maximum Number of Depositions by Defendant(s) | <u>10</u> |
| c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | <u>7</u> |
| d. | Maximum Interrogatories by any Party to any Party | <u>25</u> |
| e. | Maximum requests for admissions by any Party to any Party | <u>50</u> |
| f. | Maximum requests for production by any Party to any Party | <u>50</u> |

    g.    The Parties shall handle discovery of electronically stored information as follows:

Any electronically stored documents which are requested shall be produced in native format, hard copy or PDF format, at the discretion of the producing party. Notwithstanding the foregoing, any party may request that the responding party provide specifically-identified documents in each such document's native electronic format provided that the requesting party sets forth a reasonable basis for requesting the document in native format.

In the event that electronically stored information, which the Parties agree is information that is not easily copied to external storage systems such as DVDs, CDs, or Cloud storage, is requested, the responding party shall provide to the requesting party an itemized list of electronic information and the manner in which it is stored (i.e., hard drive, database, disc image, etc.). The requesting party shall then identify on the provided list, the items of which it requests the production. It shall then be the requesting party's responsibility to arrange and pay for the copying, imaging, etc. of the electronically stored information. The responding party shall work with the requesting party to facilitate the copying of the information.

Nothing herein shall limit a responding parties' right to object to the production of documents on the basis that the request is overbroad, unduly burdensome, electronic documents are not readily available because of undue burden or cost, duplicative, or any other valid objection. The parties will cooperate in identifying search terms to be used by the parties to search reasonably available electronic databases and will agree that the producing party's obligation to search for responsive electronic documents shall be limited to the search terms agreed on by the parties.

    h.    The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows:

Inadvertent production of privileged documents shall not be deemed a waiver of any

3

applicable privilege. Upon discovery that privileged documents have inadvertently been produced, the discovering, shall promptly notify the other Parties. Upon such notification, the Parties shall treat the documents as privileged unless and until the Court has sustained a challenge to the assertion of privilege. A motion asserting such a challenge must be filed within fourteen (14) days after a Party receives notice of a claim of inadvertent production of privileged documents. If no such motion is filed, all Parties shall, within fourteen (14) days of receipt of notification of the inadvertent production, return to the Producing Party all copies of the privileged documents in their possession or in the possession of their counsel or any other person under their control. Written confirmation of this return of documents shall be provided to the Party asserting the privilege.

|   |      |                                            |                                          |
|---|------|--------------------------------------------|------------------------------------------|
|   | i.   | Last day to serve written discovery:       | *01/02/16*                               |
|   | j.   | Close of fact discovery:                   | *02/01/16*                               |
| **3.** |  | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE**                             |
|   | a.   | Last Day to File Motion to Amend Pleadings | *11/04/15*                               |
|   | b.   | Last Day to File Motion to Add Parties     | 11*/04/15*                               |
| **4.** |  | **RULE 26(a)(2) REPORTS FROM EXPERTS**    | **DATE**                                 |
|   | a.   | Parties bearing burden of proof            | *03/02/16*                               |
|   | b.   | Counter reports                            | *Within 30 days of Reports under 4.a.*   |
|   | c.   | Reply reports                              | *Within 20 days of any supp. report*     |
| **5.** |  | **OTHER DEADLINES**                       | **DATE**                                 |
|   | a.   | Last day for Expert discovery              | *05/31/16*                               |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

4

|   |   |   |   |
|---|---|---|---|
| b. | Deadline for filing dispositive or potentially dispositive motions | | *06/30/16* |
| c. | Deadline for filing partial or complete motions to exclude expert testimony | | *06/30/16* |

**6.     SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**      **DATE**

|   |   |   |   |
|---|---|---|---|
| a. | Referral to Court-Annexed Mediation: | | *Yes* |
| b. | Referral to Court-Annexed Arbitration | | *No* |
| c. | The parties do not presently intend to privately mediate | | |
| d. | Evaluate case for Settlement/ADR on | | *02/01/16* |
| e. | Settlement probability: | | *Fair* |

**7.     TRIAL AND PREPARATION FOR TRIAL**      **TIME**      **DATE**

|   |   |   |   |
|---|---|---|---|
| a. | Rule 26(a)(3) Pretrial Disclosures[2] | | |
|    | Plaintiff | | *10/26/16* |
|    | Defendant | | *11/09/16* |
|    | | | *00/00/00* |
| b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | |
| c. | Special Attorney Conference[3] on or before | | *11/23/16* |
| d. | Settlement Conference[4] on or before | | *11/23/16* |
|    | Final Pretrial Conference | 3:00 p.m. | *12/19/16* |

---

[2] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[3] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. The parties should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pre-trial order should include any special equipment or courtroom arrangement requirements.

[4] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

SLC_2454630

|   |   |   |   |   |
|---|---|---|---|---|
| e. | | | | |
| f. | Trial | <u>Length</u> | | |
| | i. Bench Trial | *# days* | ___:__ _.m. | *00/00/00* |
| | ii. Jury Trial | *10 days* | 8:30 a.m. | *01/09/17* |

**8.     OTHER MATTERS**

Counsel should contact chambers staff of the judge presiding in the case regarding Markman motions to determine the desired process for filing and hearing of such motions. Parties should file all such motions and Motions in Limine well in advance of the Final Pre Trial.

Signed September 8, 2015.

BY THE COURT:

*/signature/*

Evelyn J. Furse
U.S. Magistrate Judge

DATED this 8th day of September, 2015.

DURHAM, JONES & PINEGAR, P.C.

/s/ Jordan K. Cameron
Evan A. Schmutz
Jordan K. Cameron
*Attorneys for Plaintiff*

NEWMAN DU WORS LLP

/s/ Derek A. Newman
Derek A. Newman, *pro hac vice*
Derek Linke, *pro hac vice pending*
Jason E. Bernstein, *pro hac vice pending*

SNOW CHRISTENSEN & MARTINEAU
Maralyn English
Jill Dunlap
*Attorneys for Defendant Adknowledge, Inc.*

6