IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| XMISSION, L.C., a Utah company,<br><br>Plaintiff,<br><br>v.<br><br>ADKNOWLEDGE, INC., a Missouri corporation, and DOES 1-40,<br><br>Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:15-cv-00277<br><br>United States District Court<br>Judge Tena Campbell<br><br>Magistrate Judge Dustin Pead |

## BACKGROUND

The following matters are before this court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Tena Campbell (ECF No. 37): XMission's Motion For Attorney Fees (ECF No. 126); and Adknowledge's Motion For Protective Order (ECF No. 157).[1] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument on the motions is not necessary. *See* DUCivR 7-1(f).

## PENDING MOTIONS

**XMission's Motion For Attorney Fees (ECF No. 126)**

On June 24, 2016, the District Court entered an Order awarding XMission its "reasonable attorney fees and costs incurred in connection with XMission's filing [ ] and oral argument on

---

[1] The court is aware of Adknowledge's pending motion to compel (ECF No. 160) and its pending motion for leave to depose Mandee Sanders, Tom Sanders and Brandon Heward (ECF No. 193). Those court will address these motions in a separate ruling.

the Rule 37 Motion" (ECF No. 117). In its Order, the District Court requested that XMission "submit a motion for attorney's fees" to be "accompanied by sworn statement(s) and documentary evidence to support the amount claimed . . . ." *Id.* Thereafter, XMission filed its pending motion for attorney fees along with the affidavit of attorney Jordan K. Cameron (ECF No. 126); *Cameron Affidavit* (ECF No. 127).

In response, Adknowledge filed an objection to the fee amount arguing XMission failed to segregate its fees and the time expended is excessive (ECF No. 131).

If a court grants a party's motion to compel, the court may "require the party. . . whose conduct necessitated the motion. . . to pay the movant's *reasonable* expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A)(emphasis added). To determine reasonableness, the court should calculate the "lodestar" fee amount. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar fee amount reflects the hours reasonably spend on litigation multiplied by a reasonable rate. *Cooper v. State of Utah*, 894 F.2d 1169, 1171 (10th Cir. 1990). "A reasonable rate is the prevailing market rate in the relevant community." *Guides, Ltd. V. Yarmouth Grp. Prop. Mgmt. Inc.,* 295 F.3d 1065, 1078 (10th Cir. 2002) (citation omitted). To determine the reasonable hours expended, factors the court may take into consideration:  (1) the tasks counsel would normally bill to a paying client; (2) the number of hours spent on each task; (3) the case's complexity; and (4) the potential for duplication of services. *Ramos v. Lamm*, 713 F.3d 546, 553-554 (10th Cir. 1983).

As an initial matter, XMission suggests that an upward adjustment of its hourly fee is appropriate based upon counsel Jordan Cameron's expertise in CAN-SPAM matters. The court, however, declines XMission's invitation to adjust. In this context, counsel's "unique knowledge"

arguably supports a heightened understanding and efficiency that cuts against XMission's claims of additional research and billing. Further, while the court agrees that complex civil litigation often presents circumstances in which counsel may dedicate more time crafting a reply memorandum than is spent drafting the initial motion, the court finds XMission's claim for 43.8 hours preparing an eleven page reply memorandum---ten times the amount of time spent on the original motion---to be disproportionate.

Adknowledge suggests a fee award in the amount of $7,840.50 would be appropriate based upon the typical rates charged by attorneys in Utah and XMission's billable hours. On the other hand, setting aside any upward adjustment, XMission seeks $12,018.00 in attorney fees and costs. Upon review of the billing statement and Declarations along with consideration of the legal issues raised in the underlying motion--- the interplay between federal rule 37 and rule 26 in the context of CAN-SPAM---the court concludes $10,000 in attorney fees is reasonable and appropriate. Accordingly, Adknowledge is ordered to pay XMission's attorney fees and costs in the amount of $10,000.00 within thirty days of the date of this Order.

**Adknowledge's Motion For Protective Order (ECF No. 157)**

On July 11, 2016, XMission served its fourth set of written discovery consisting of two interrogatories and two requests for production. In response, Adknowledge moves for a protective order asserting the discovery is irrelevant and has no relationship with any of the claims and defenses at issue in the case.

Pursuant to federal rule 26(c), a court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" Fed. R. Civ. P. 26(c). A protective order may forbid or limit particular discovery, or otherwise control

the terms on which it may be obtained. *Id.*

### i) Interrogatory 10 and Request For Production 11

Interrogatory 10: Provide the following information for each of the past 5 years of Adknowledge's email marketing business:
(1) Total gross income for each year;
(2) Total gross revenue for each year;
(3) Total net income for each year;
(4) Total net revenue for each year;
(5) Total gross profits for each year;
(6) Total [net] profits for each year

Request For Production 11: Produce all financial documents from which you derived your calculations provided in response to Interrogatory No. 10.

*See* Defendant's Objections And Responses To Plaintiff's Fourth Set Of Interrogatories And Requests For Production of Documents (ECF No. 158-1).

Adknowledge seeks protection arguing the financial information sought by XMission through Interrogatory 10 and Request For Production 11 is irrelevant and unduly burdensome since a CAN-SPAM plaintiff is not entitled to disgorgement of profits and information from the "past five years" is excessive. *See* 15 U.S.C. § 7706(g). XMission asserts the revenue and profit information is relevant for two main reasons. First, the financial information will help determine if Adknowledge is an "initiator" or a "procurer" under the Act; and second, the amount of revenue generated is relevant to statutory damages.

In light of Adknowledge's admission and willingness to stipulate to the fact that it does generate profit from its email marketing business, the court is not persuaded that Adknowledge's detailed revenue and profit information from the past five years is necessary or the best form of evidence to establish its status as a initiator or a procurer under the Act. Moreover, although the financial information may arguably shed light on the court's ability to impose damages that act as

a deterrent or have a punitive effect, the request is premature. If necessary, after liability is established XMission may re- address these discovery requests subject to a showing of relevance for purposes of establishing damages.

### ii) Interrogatory 11 and Request For Production 12

<u>Interrogatory No. 11:</u> Describe in detail the mathematic calculation used by Adknowledge to support its request for a security bond in the amount of "at least $100 million" in Document 13, pg. 20

<u>Request For Production 12</u>: Provide all evidence to which Adknowledge made reference as "evidence" in the following statement: "That amount should be at least $100 million, which Adknowledge would prove through evidence filed under seal."

*See* Defendant's Objections And Responses To Plaintiff's Fourth Set Of Interrogatories And Requests For Production of Documents (ECF No. 158-1).

Adknowledge argues Interrogatory 11 and Request For Production 12 are irrelevant because they seek information related to the amount of an estimated bond request that was mooted and resolved over a year ago (ECF No. 17). The court agrees. It is not evident to the court, and XMission does little to explain, the relevance of these discovery requests to the current litigation. Further, the claim that the information goes to Adknowledge's credibility is outweighed in this instance by principles of relevance and proportionality pursuant to Rule 26. Fed. R. Civ. P. 26(b)(1).

Accordingly, as set forth herein, the court grants Adknowledge's motion for a protective order. In turn, the court denies Adknowledge's request for attorney fees. Although several of XMission's requests have questionable relevance, overall the court finds XMission's interest in obtaining Adknowledge's financial information to be objectively reasonable.

**<u>ORDER</u>**

The Court hereby ORDERS as follows:

XMission's Motion For Attorney Fees is granted in the amount of $10,000.00 (ECF No. 126); and

Adknowledge's Motion For Protective Order is granted (ECF No. 157)

Dated this 19th day of October, 2016.

_____
Dustin Pead
U.S. Magistrate Judge